Battuk, J.
 

 This case comes on for further directions upon the report of tbe clerk and master of the Court of Equity, for the County of Buncombe, and tbe exceptions thereto.
 

 The exceptions of the defendants J. P. Perkins, J. N. Perkins and Mrs. Cox, are sustained, for the reason that the amount overpaid to their mother, Mrs. Smith, cannot be deducted from what is due them.
 

 The exception of tbe defendant Mrs. Anne E. Smith, depends upon that of the defendant Thomas T. Patton, which we will, therefore, consider first.
 

 
 *497
 
 This exception depends upon the proper construction of tbe 13tb item of tlie will of tbe plaintiffs’ testator, referred to in tbe report. This clause of tbe will, wbicb was made and published in 1835, is of a Tory uncommon and extraordinary character. It commences by reciting that tbe testator, believing- that it would pro-mote tbe interest of all bis family, bad, in 1827, committed to bis son James
 
 W.
 
 Patton, tbe entire management of bis estate ; that be estimated the value of bis personal property to be forty-five thousand dollars, and out of it be intended that bis son James should pay such legacies as be might bequeath to bis other children, leaving the residue for bis said son. lie then declared that bis son bad conducted tbe business to bis entire satisfaction, and that bo bad paid to bis brothers John and Benyamin, in discharge of their legacies, and in partial payment to bis sisters, tbe aggregate sum of thirty-six thousand, seven hundred and forty-four dollars. Tbe testator- then yn-oceeds thus: “ In compliance with my original intention, and to enable him (James) to pay tbe several legacies herein mentioned, and to perform faithfully tbe many important trusts wbicb will devolve upon him, I give to him all my personal estate, not herein before specifically bequeathed, with tbe exception of the bouse-liold and kitchen furniture, stock, crops and farming utensils, at my farm on Swan-nanoah, wbicb I give to- my son Thomas.” By reference to tbe fourth item of tbe will, it will be seen that tbe testator gave bis farm on Swannanoah, together with certain slaves, to bis executors, in trust for tbe wife and children of bis son Thomas. On the marriage of Thomas, wbicb occurred some years before tbe will was made, tbe testator put him in possession of that farm, and be continued to reside on it with bis family, taking and applying tbe profits of it for the use of himself and bis family'-.
 

 In tbe year 1832, it appears from tbe proof, that tbe plaintiff James
 
 W.
 
 Patton, sold to bis- brother Thomas, tbe crop, stock and farming utensils on tbe said farm, for tbe sum of $2,244,50, and received tbe price, and appropriated it to bis own use. Tbe question is, whether tbe defendant Thomas is
 
 *498
 
 entitled, under the circumstances, to claim that sum, with interest, from his brother James; and we think that, upon the fair construction of the item in question, aided by lights reflected from some other parts of the will, he is so entitled. It appears from several clauses of the will, that the testator designated as legacies what he had previously given to his respective children; and further, that he intended that his son James should advance in his life-time what he then bequeathed to them b.y his will. Such, no doubt, was/his intention with regard to the legacy to his son Thomas. It is very certain that he did not intend his son James should have the benefit of it, for it is expressly excepted out of a general gift to him of all his personal estate. Ilis son Thomas was in the possession of it, and it does not appear that he knew that his son James had sold it to him, and had received the price to his own use, and we are not to presume that such was the fact, against the inference to be drawn from the words of the will itself. The testator, though an old, was apparently a very intelligent man, and we can hardly believe that he would mock his son by bequeathing to him what he had already, by his agent, sold to him; and sold to him too, for the benefit of another son, who, he declared at the same time, should not have that legacy. That he intended this as a bounty to his son Thomas, is apparent from another consideration. This is the only direct gift to his son Thomas, yet he charges him with the payment of five hundred dollars to Mrs. Smith, one of his sisters. This would be another instance of an illusory gift, if Thomas is to take nothing under the will. No person can read the will, without being entirely satisfied that the testator never contemplated any such result. But it is contended for the plaintiff James W., that the legacy was specific, and was advanced in the testator’s life-time; and for this is cited 1 Roper on Leg., ch. 3, p. 237. The general doctrine is admitted; but we do not think it applies to this case. Here, the will operated as a confirmation of what the testator supposed was a gift to his son Thomas. The words of the will itself contradict the supposition of a sale of the goods, with the
 
 *499
 
 knowledge and consent of the testator. Our opinion, therefore, is, that the defendant Thomas is entitled to claim from the plaintiff James W., the price of the crop, stock and farming utensils in question, and with interest thereon from the death of the testator, and his exception is, therefore, sustained.
 

 The exception of the defendant Mrs. Smith, being dependent upon that of the defendant Thomas, is also sustained. The report of the clerk and master, after being reformed in the particulars excepted to, will be confirmed, and a decree may be drawn in accordance with this opinion.
 

 Pee CuRiAM. Decree accordingly.